UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

Plaintiff,

– against –

THE CITY OF NEW YORK, *et al.,*

Defendants.

**ORDER**

20 Civ. 7046 (ER)

Ramos, D.J.:

On September 29, 2020, Plaintiff's case was assigned to this Court and the Honorable

Gabriel W. Gorenstein, U.S. Magistrate Judge.  On October 2, 2020, Plaintiff filed a letter seek-

ing to terminate Judge Gorenstein's designation in this case.  Doc. 10.  The Court denied this re-

quest on October 5, 2020.  Doc. 13.  Now before the Court is Plaintiff's letter dated October 19,

2020, seeking reconsideration of his request to reassign the case to another magistrate.  Doc. 14.

Plaintiff moves for reconsideration under Federal Rule of Civil Procedure 60 but for the reasons

described below the Court construes the letter as a motion to reconsider pursuant to Local Rule

6.3.

For the reasons stated below, the motion is DENIED.

## I.    LEGAL STANDARD

Rule 60 provides that "the court may relieve a party or its legal representative from a fi-

nal judgment, order, or proceeding. . . ."  F. R. Civ. P. 60(b).  Motions under Rule 60(b) are "ad-

dressed to the sound discretion of the district court and are generally granted only upon a show-

ing of exceptional circumstances."  *Mendell in behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724,

731 (2d Cir. 1990) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986)).  For a Rule 60(b)

motion to succeed, the movant must (1) proffer highly convincing evidence in support of the motion; (2) show good cause for failing to act sooner; and (3) show that granting the motion will not impose an undue hardship on any party. *See Esposito v. New York*, No. 07 Civ. 11616 (SAS), 2010 WL 4261396, at *2 (S.D.N.Y. Oct. 25, 2010) (citing *Kotlicky v. United States Fid. Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987)).

Rule 6.3 of the Local Civil Rules for this District provides for reconsideration of a court's order on a motion only where the court has overlooked controlling decisions of law or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); *see also* S.D.N.Y. Local Civ. R. 6.3. Under such circumstances, a motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (internal quotation marks omitted) (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)).

## II.    DISCUSSION

As a threshold matter, a Rule 60(b) motion is limited to a "final judgment, order or proceeding." *See Cancel v. Mazzuca*, No. 1 Civ. 3129 (NRB), 2002 WL 1891395, at *3 (S.D.N.Y. Aug. 15, 2002) (citing *Indemnity Ins. Co. of N. Am. v. Reisley*, 153 F.2d 296, 299 (2d Cir. 1946)). A denial of a request to reassign a magistrate is not a final judgment, order or proceeding. *Cf.*

*DeFazio v. Wells*, 500 F.Supp. 2d 197, 201 (E.D.N.Y. 2007) (denying a motion to reconsider an order disqualifying counsel under Rule 60 because such an order was not "final").

Moreover, even liberally construing Plaintiff's letter as a motion to reconsider under Local Rule 6.3, his request is without merit.  Plaintiff did not cite any controlling decisions or factual matters that might have reasonably altered this Court's decision not to reassign his case. *See Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008).

In his motion to reconsider, Plaintiff argues that the Court is obligated to terminate Judge Gorenstein's assignment because of his mistaken assumption that Judge Gorenstein was not randomly assigned to his case, but rather, hand-picked.  Doc. 14 at 1–2.  In fact, Judge Gorenstein's assignment here was random and not improper.  The mere fact that Judge Gorenstein has previously presided over one of Plaintiff's cases does not establish a reason to disqualify him or a violation of any Court rule or policy.

Plaintiff also argues that his objection to Judge Gorenstein's assignment "really isn't about a dissatisfaction with a prior ruling by him to my detriment," but rather is about protecting plaintiff from having his Constitutional rights violated.  Doc. 14 at 8.  In support, Plaintiff discusses his disagreements with Judge Gorenstein's prior decisions regarding Plaintiff's claims in *Komatsu v. City of New York*, No. 18 Civ. 3698 (LGS) (GWG) (S.D.N.Y. filed Apr. 26, 2018), and his fear that Judge Gorenstein will continue to issue similar decisions.  *See generally* Doc. 14 at 7–15.  Thus, Plaintiff does not really raise new arguments, but rather reframes his dissatisfaction with Judge Gorenstein's prior decisions by claiming that those decisions violated his Constitutional rights.  This is insufficient for a motion to reconsider.  *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (a motion to reconsider should not be granted when it seeks to relitigate an issue already decided).

## III.    CONCLUSION

For the foregoing reasons, the motion for reconsideration is DENIED.  The Clerk of

Court is respectfully directed to terminate the motion, Doc. 14.

SO ORDERED.

Dated:    October 22, 2020
          New York, New York

_____
                                    Edgardo Ramos, U.S.D.J.