UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Copies Mailed/Faxed
Chambers of Edgardo Ramos

TOWAKI KOMATSU,

                Plaintiff,

– against –

THE CITY OF NEW YORK, *et al.*,

                Defendants.

**ORDER**

20 Civ. 7046 (ER)

Ramos, D.J.:

    The Court is in receipt of three letters from *pro se* Plaintiff Komatsu dated October 23, October 26, and October 28, 2020. *See* Docs. 17–19. In these letters, Komatsu makes several requests, including that (1) the court appoint him *pro bono* counsel; (2) he be granted leave to file an amended complaint; and (3) he have another case, *Komatsu v. City of New York*, No. 20 Civ. 7502, designated as related. The Court will address these requests in turn.

    *First*, Komatsu asks the Court to appoint a *pro bono* attorney. Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The standards governing the appointment of counsel in *pro se* cases were set forth by the Second Circuit in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986). Factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case and Plaintiff's ability to gather the facts and present the case if

unassisted by counsel. *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing factors set forth in *Hodge*, 802 F.2d at 60–62). Of these, the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors, including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

At this early stage in the proceedings, the Court is unable to conclude that Komatsu's claims are likely to have merit, although that may change as the litigation progresses. Accordingly, Plaintiff's application for the appointment of *pro bono* counsel is DENIED without prejudice to possible renewal at a later stage in the case. Plaintiff may, however, seek advice from the New York Legal Assistance Group by calling 212-659-6190.

*Second*, Komatsu requests to amend his complaint. Federal Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course within 21 days of serving it. After that, a party may move for leave to amend their complaint "with the opposing party's written consent or the court's leave." Fed. R. 15(a)(2). The Court should "freely give leave when justice so requires." *Id.* Rule 15(a)(2) sets forth a "liberal standard." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010). However, the Court may deny a motion to amend a pleading if the amendment "(1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." *Lee v. Regal Cruises, Ltd.*, 916 F. Supp. 300, 303 (S.D.N.Y. 1996), *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Komatsu has already once amended his Complaint as a matter of course. *See* Doc. 3. In his request to amend again, he does not state with specificity what claims he would like to

add, or against whom, other than noting that the claims "concern illegal acts and omissions that . . . are certainly inextricably intertwined with my claims in this case largely because they involve . . . some of the same defendants as well as the same specific illegal acts and omissions . . . ." Doc. 17 at 2. In support of amending, he also argues that it "makes no sense" for him to wait for Judge Schofield to issue a final judgment in another case of his, *Komatsu v. City of New York*, No. 20-cv-03698. *Id.*

These arguments do not provide the Court with sufficient assurance that there is good cause to amend here. In his request, Komatsu does not specify what claims he would like to add or against whom he would like to add them, beyond stating that they are related to occurrences and individuals at issue in this case. *See id.* Moreover, his argument that it would make no sense to wait for relief in a different case should not impact the decision here. To the extent that he seeks to add claims that have been or will be decided in another matter, this would be inappropriate. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (observing a general rule "to avoid duplicative litigation in federal district courts"); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) (noting that claim preclusion prohibits the relitigation of the events underlying a previous judgment). The Court thus requires additional information—at a minimum, a description of the substance of the claims and who they are against, and Komatsu's reasons for not earlier bringing them in this case—before it can adequately analyze whether amendment is proper under the factors mentioned above. Komatsu's request to amend his complaint is thus DENIED without prejudice.

Komatsu is reminded, however, that in this Court's order of service dated September 29, 2020, the Court permitted him to file a second amended complaint naming the John Doe defendant within thirty days of ascertaining his identity. *See* Doc. 9 at 3. Nothing in today's

Order impacts Komatsu's ability to file a second amended complaint naming the John Doe defendant pursuant to this Court's previous order of service.

*Third*, Komatsu requests that another case of his, *Komatsu v. City of New York*, 20-cv-07502, be marked as related to this one. On October 27, 2020, this Court accepted that case as related. Thus, Komatsu's request is now DENIED as moot.

The Court has reviewed the remaining arguments addressed in Komatsu's letters and determined they are without merit.

In sum, the Court will:

- DENY without prejudice Komatsu's request for the Court to request a *pro bono* attorney appointment;

- DENY without prejudice Komatsu's request to amend his Amended Complaint; and

- DENY as moot Komatsu's request to have 20-cv-07502 marked as related to this case, as the Court has already accepted the case as related.

It is SO ORDERED.

Dated:   November 3, 2020
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.