UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOWAKI KOMATSU, | 20-CV-7046 (ER) (LEAD CASE) |
| | 20-CV-7502 (ER) |
| Plaintiff, | 20-CV-8004 (ER) |
| | 20-CV-8251 (ER) |
| -against- | 20-CV-8540 (ER) |
| | 20-CV-8933 (ER) |
| | 20-CV-9151 (ER) |
| | 20-CV-9154 (ER) |
| | 20-CV-9354 (ER) |
| THE CITY OF NEW YORK, et al.,[1] | ORDER OF SERVICE |
| | FOR 20-CV-7502 |
| Defendants. | |

EDGARDO RAMOS, United States District Judge:

Plaintiff, appearing *pro se*, brings these actions under 42 U.S.C. §§ 1983, 1985, and 1988, as well as under New York State law, alleging that Defendants unlawfully prevented him from attending several public meetings. The Court granted Plaintiff's requests to proceed without prepayment of fees, that is, *in forma pauperis* (IFP), in each of the above-referenced cases.

In all of his cases, Plaintiff sues many of the same defendants, all of whom appear to be employed by the City of New York. Thus, in the interest of judicial economy, the Court directs the Clerk of Court to issue a summons only as to the City of New York and deliver to the U.S. Marshals Service the necessary paperwork to effect service of process. At a later date, the Court may consider ordering that the remaining defendants be served in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

---

[1] Defendant City of New York is named in each case. Mayor Bill de Blasio and former Police Commissioner James O'Neill are named in most cases. Depending on the particular public hearing at issue, Komatsu also names police officers and/or public officials whom he alleges were involved in preventing him from entering or participating in public meetings in each of his cases.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Fed. R. Civ. P. 4(m) generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant City of New York through the U.S. Marshals Service for Case No. 20-cv-07502, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the City of New York.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the address for the City of New York, issue a summons, and deliver all documents necessary to effect service for Case No. 20-cv-07502 to the U.S. Marshals Service.

SO ORDERED.

Dated:   November 18, 2020
         New York, New York

                                            EDGARDO RAMOS
                                  United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1. City of New York
   100 Church Street
   New York, NY 10007