UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.

20-CV-7046 (ER) (LEAD CASE)
20-CV-7502 (ER)
20-CV-8004 (ER)
20-CV-8251 (ER)
20-CV-8540 (ER)
20-CV-8933 (ER)
20-CV-9151 (ER)
20-CV-9154 (ER)
20-CV-9354 (ER)

**ORDER**

EDGARDO RAMOS, United States District Judge:

From August 29, 2020 through November 11, 2020, Plaintiff, appearing *pro se* and proceeding *in forma pauperis* (IFP), filed nine actions against the City of New York, city officials, and members of the NYPD.  In each action, Plaintiff alleges that Defendants, on various dates, unlawfully denied him access to public meetings, and he provides details of his increasingly acrimonious relationship with Defendants.

**A.      Filing Restrictions**

Plaintiff's complaints and amended complaints in these actions are voluminous, each totaling more than 150 pages, and the amended complaint in one of the actions totals 368 pages.  On October 2, 2020, in Case No. 1:20-cv-7046, Plaintiff filed a 20-page letter requesting that the assignment of Magistrate Judge Gorenstein to the case be terminated (ECF No. 10).  By order dated October 5, 2020, the Court denied Plaintiff's request (ECF No. 13).  In response to the Court denying the request, on October 19, 2020, Plaintiff filed a 30-page letter addressed to Chief Judge McMahon, requesting that she intervene in this case and terminate Magistrate Judge Gorenstein's

assignment to the case (ECF No. 14), and a notice of interlocutory appeal (ECF No. 15).  Plaintiff

has since filed several more letters regarding this issue alone (ECF Nos. 17–19).

It is well settled that "courts may resort to restrictive measures that except from normally

available procedures litigants who have abused their litigation opportunities."  *In re Martin-Trigona*,

9 F.3d 226, 228 (2d Cir. 1993).  A court's power to restrict the litigation of abusive and vexatious

litigants is an "'ancient one'" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act.  *Polur

v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d

Cir. 1982)).  The Second Circuit has noted that "[s]ome courts have responded to vexatious litigants

by completely foreclosing the filing of designated categories of cases" and that others "have

adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement

with respect to future filings."  *In re Martin-Trigona*, 9 F.3d at 228.  In addition, the Court has the

power to impose further sanctions such as costs, attorney fees, and double costs for the filing of

frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled.

*See* Fed. R. Civ. P. 11.  But "[t]he unequivocal rule in this circuit is that [a] district court may not

impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an

opportunity to be heard."  *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Schlaifer

Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that

courts provide notice and opportunity to be heard before imposing *any* kind of sanctions" (citation

and internal quotation marks omitted)).

On November 17, 2020, the Court directed Plaintiff to show cause in writing why the Court

should not enter an order requiring him to seek permission to file any new action in this Court

against the City of New York, city officials, and members of the NYPD regarding their alleged

involvement in preventing him from attending public meetings with the Mayor.  Plaintiff was also

ordered to show cause in writing why the Court should not enter an order requiring that any

submission from Plaintiff in the consolidated action not exceed 25 pages.

Plaintiff submitted a declaration on December 1, 2020, ECF No. 34, and the Court held a

hearing on December 15, 2020.  As the Court further explained in the December 15 hearing,

Plaintiff has failed to show cause as to why the following reasonable filing restrictions should not be

imposed.

To seek permission to file a new action in this court, Plaintiff must:

a) Submit a **one-page** motion in this case titled "Motion for Leave to File a New Action"
   that explains why he should be permitted to file the new action or proceeding as opposed
   to submitting an amended pleading in this consolidated action; and

b) Include a **one-page** statement, made under penalty of perjury, stating that the new claims
   are not frivolous or made in bad faith, that the lawsuit is not brought for any improper
   purpose, such as to harass or cause unnecessary delay, and that the filing complies with
   this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.

To seek permission to submit a letter or motion in this consolidated action, Plaintiff must:

a) Submit a **one-page** motion in this case titled "Motion for Leave to File" that explains
   why he should be permitted to file the letter or motion; and

b) Include a **one-page** statement, made under penalty of perjury, stating that the purpose of
   his submission is not frivolous or in bad faith, or for any improper purpose, such as to
   harass or cause unnecessary delay, and that the filing complies with this Court's orders,
   the Federal Rules of Civil Procedure, and this Court's Local Rules.

If the Court grants Plaintiff permission to file a new action, the complaint in that new action

must not exceed **25 pages.**  If the Court denies Plaintiff permission to file a new action, but instead

directs Plaintiff to file an amended pleading in the consolidated action, the amended pleading must

not exceed **25 pages.**  If the Court grants Plaintiff permission to file a letter or motion in the

consolidated action, the letter or motion must not exceed **25 pages.**

**CONCLUSION**

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court further directs the Clerk of Court not to process Plaintiff's submissions that do not comply with the above filing restrictions. **Any filings that Plaintiff submits that do not comply with the above filing restrictions will not be considered by the Court, and the Clerk of Court will be directed to strike the filings from the docket.**

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 15, 2020
          New York, New York

                                        _____
                                              EDGARDO RAMOS
                                           United States District Judge

4