

**MEMO ENDORSED**

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **EVAN J. GOTTSTEIN**<br>*Assistant Corporation Counsel*<br>Tel: (212) 356-2262<br>Fax: (212) 356-3509<br>egottste@law.nyc.gov |

**By ECF**  January 25, 2021
Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    **Towaki Komatsu v. City of New York, et al.,**
                  **20-CV-7046; 20-CV-8251; 20-CV-8004; 20-CV-7502; 20-CV-8540;**
                  **20-CV-8933; 20-CV-9151; 20-CV-9154; 20-CV-9354 (ER) (GWG)**

Your Honor:

        I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matters. I write to address the affidavits of service for the 11 individual defendants[1] that were recently entered on the docket in these cases and to respectfully request that all deadlines pertaining to these individuals be held in abeyance pending the resolution of defendants' motion to dismiss.[2] Subject to the schedule endorsed by this Court, defendants' motion is to be filed on January 29, 2021. (See Civil Docket Sheet, Minute Entry dated December 15, 2020)

        **Procedural Background.** On December 15, 2020 a briefing schedule was set for defendants' anticipated motion to dismiss plaintiff's nine complaints – which total 1,713 pages collectively – pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

---

[1] The 11 individual defendants are: Howard Redmond, Andrew Berkowitz, Officer Cruz, Officer Lance, Juanita Holmes, Christopher Fowler, Karl Pfeffer, Officer Hansen, Officer Baez, Nicholas Mason, and Dustin Ridener.

[2] As summonses have been issued for 31 individual defendants in total, it appears likely that additional affidavits of service will be filed on the docket in the coming days and possibly weeks. Defendants respectfully also request that all deadlines pertaining to individuals who may be served with process during the pendency of their motion to dismiss likewise be held in abeyance until the motion is decided.

Recently, from January 19 through January 21, 2021, affidavits of service were entered on three of the docket sheets for these cases, indicating that 11 individual defendants (all current or former City employees) have been served within the last month. This Office was unaware that these defendants had been served until the returns of service were entered on the docket last week. Based on the Civil Docket sheet, these defendants' responses were all due on January 13, 2021, except for defendant Dustin Ridener, whose response is due February 16, 2021. (ECF Nos. 71-72, 74-79, 81, Case No. 20-CV-8251; ECF Nos. 32-35, Case No. 20-CV-8004; ECF No. 35) At this time, this Office has not made representation decisions regarding the recently served defendants.

**Defendants' Request that All of Pending Deadlines for These 11 Individuals be Held in Abeyance.** In the interest of judicial economy, defendants respectfully request to proceed on the current briefing schedule endorsed by this Court, and that the Court hold in abeyance all of the 11 newly served defendants' deadlines, including their responses to the complaints, until after the motion to dismiss is resolved. Likewise, defendants request this relief for any individual defendants who may be served in the future, during the pendency of the motion to dismiss. Defendants' forthcoming motion will seek dismissal of several specific claims under Rule 12, but it will also seek dismissal of all complaints in their entirety under Rule 8. Therefore, it would best serve judicial economy and the spirit of the Federal Rules to hold in abeyance the recently served defendants' deadlines to respond to the complaints until after the Court rules on the motion and decides whether to grant plaintiff leave to amend to correct the deficiencies in his complaints. See Fed. R. Civ. P. 1 (providing that the Rules should be construed and employed to "secure the just, speedy, and inexpensive determination of every action and proceeding").

The proposed course of action would also prevent further unnecessary delay of this litigation. Should the Court deny this request, defendants would require a substantial extension of time to file its motion to allow for the 11 recently served defendants to request representation and for this Office to make representation decisions for each of them.

To avoid prolonging this litigation any further, defendants respectfully request that the Court hold in abeyance the recently served defendants' time to respond to the complaints pending the decision on the upcoming motion to dismiss. In the alternative, should the Court deny this request, defendants respectfully request an additional 60 days, until March 30, 2021, to allow additional defendants to request representation and for this Office to make representation decisions about each defendant before moving for dismissal.

Defendants thank the Court for its consideration herein.

    Respectfully submitted,

    *Evan J. Gottstein* /s/

    Evan J. Gottstein
    *Assistant Corporation Counsel*
    Special Federal Litigation Division

cc:    Towaki Komatsu, *Plaintiff Pro Se*
       802 Fairmount Pl., Apt. 4B
       Bronx, New York 10460    (Via First-Class Mail)

> The request is GRANTED. All individual defendants' deadlines to answer are hereby stayed pending the resolution of defendants' motion to dismiss. The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J
> Dated: 1/26/2021
> New York, New York

2