Copies Mailed/Faxed
Chambers of Edgardo Ramos

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| TOWAKI KOMATSU,<br><br>                       Plaintiff,<br><br>   – against –<br><br>THE CITY OF NEW YORK, *et al.,*<br><br>                       Defendants. | **ORDER**<br><br>20 Civ. 7046 (ER) (lead case)<br><br>20-CV-7502 (ER)<br>20-CV-8004 (ER)<br>20-CV-8251 (ER)<br>20-CV-8540 (ER)<br>20-CV-8933 (ER)<br>20-CV-9151 (ER)<br>20-CV-9154 (ER)<br>20-CV-9354 (ER) |

Ramos, D.J.:

The Court is in receipt of several letters by Komatsu seeking various forms of relief.

**A.    Request to File an Amended Complaint**

On December 27, 2020, Komatsu requested leave to file an additional Amended Complaint in this case. Doc. 55. Komatsu indicated that he wished to add facts regarding a public meeting held on January 8, 2018. The City opposed this request, citing the fact that Plaintiff has already filed nine related cases regarding various allegations concerning public meetings throughout 2017 and 2019, many of which have also involved amended pleadings, amounting to over 1,700 pages in total. Doc. 65 at 2. The City argues that Komatsu has not shown why claims regarding a Jan. 8, 2018 meeting could not have been earlier added to one of his nine other complaints. *Id.* at 3. It also argues that permitting him to continue to amend based on other events from years ago, and potentially naming new defendants, would only prejudice the City and delay an efficient resolution of this case. *Id*. The City also argues that amendment would be futile, given that the claims are time-barred and do not appear to state a claim. *Id.* at 3–4.

Because Komatsu indicates that the January 8, 2018 events contain the same core claim at issue in his other cases—restrictions on his ability to testify at a public meeting— and given the impending briefing on the City and Defendant Vance's motions to dismiss, the Court agrees that addition of these claims would only delay the case and prejudice defendants. Komatsu's request to amend his complaint is therefore denied.

However, if the Court denies Defendants' motion to dismiss, Komatsu may again seek leave to file an amended complaint to include the January 8, 2018 events. If the Court grants defendants' motion to dismiss and permits him a chance to re-plead, he may include these events in any future amended complaints.

### B.     Other Requests

Komatsu has also submitted several letters seeking either reconsideration or case reassignment based on orders that this Court has previously issued, or seeking leave to file a motion for another injunction. *See* Docs. 67, 70, 80, 86, 92–94. The relief sought in these applications is denied, with one exception. Komatsu requests to file a notice of withdrawal of his notice of interlocutory appeal of this Court's January 26 order staying individual defendants' deadlines to answer the complaint pending resolution of the motions to dismiss. *See* Doc. 92 (requesting to withdraw Doc. 91). Komatsu is permitted withdraw this notice of interlocutory appeal.

### C.     Conclusion

Komatsu's requests to amend his complaint and reconsider this Court's orders dated January 5, 19 and 26, 2021 (Docs. 62, 73 and 89) are DENIED. *See* Docs 67, 70, 80, 86, 92–94. Komatsu's request to withdraw his notice of interlocutory appeal of the Court's January 26, 2021

order staying individual defendants' deadlines to answer the complaint is GRANTED.  *See* Docs. 92, 91.

It is SO ORDERED.

Dated:  February 2, 2021
        New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.