UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                Plaintiff,

– against –

THE CITY OF NEW YORK, *et al.*,

                Defendants.

**ORDER**

20-CV-7046 (ER) (LEAD CASE)

Ramos, D.J.:

    The Court is in receipt of Komatsu's request for leave to file "a) a motion for reconsideration in response to [the Court's] 7/16/21 decision and b) a separate motion to have you immediately certify matters for immediate interlocutory review to the Second Circuit about [the Court's] 7/16/21 decision." Doc. 184. The requests are DENIED.

    Komatsu has not set forth any "controlling decisions or data that the court overlooked" to merit reconsideration. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256–57 (2d Cir. 1995). Nor has he shown that he can meet the criteria for an interlocutory appeal: "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

    Indeed, rather than setting forth the proposed basis for either motion, Komatsu used the rest of his request, along with two additional filings, to seek the following injunctive relief: an order to compel discovery of a document subject to a protective order in another case; a change of venue; an order requiring the New York City Human Resources Administration and Department of Social Services to fund his litigation; and another the request for discovery, including a proposed order requiring the City to "engage in a publicity campaign" that will

"match what has been done to combat Covid19" to assist him in identifying similarly situated individuals. *See* Docs. 184–86. Some of these requests—in particular his continued desire to circumvent the protective order in 19 Civ. 3698—are in violation of the Court's July 16, 2021 order to immediately cease "(2) filing successive requests for injunctive relief that have already been denied, or (3) seeking injunctive relief regarding issues that are not before the Court, or against individuals or entities that are not defendants." Doc. 183 at 37–38.

      Mr. Komatsu is advised yet again that continued failure to obey court orders may result in dismissal pursuant to Fed. R. Civ. P. 41(b).

It is SO ORDERED.

Dated:   July 20, 2021
           New York, New York

                                                EDGARDO RAMOS, U.S.D.J.