| Saturday, July 24, 2021<br>Attn: U.S. District Judge Edgardo Ramos | **Title:** Motion for leave to file in *Komatsu v. City of New York*, No. 20-cv-7046 (ER) (GWG) (S.D.N.Y.) |
|---|---|

What follows are more supplemental objections I have about your 7/16/21 order that demand reconsideration of it.

1. The following are relevant excerpts from *Lederman v. Adams*, 45 F. Supp. 2d 259 (S.D.N.Y. 1999) that addressed **a)** First Amendment retaliation by members of the NYPD against someone who attempted to lawfully exercise his First Amendment rights in a public forum and **b)** municipal liability about that:

    - "the May 11, 1996 arrest had an immediate and specific chilling effect on plaintiff in that, upon arrest, he was unable to continue his demonstration and his First Amendment activities were again cut short. Accordingly, the three officers' motion for summary judgment on the retaliatory arrest and prosecution claim is denied."

    - A plaintiff need not prove that the municipality had an explicitly stated rule or regulation; instead, a plaintiff may show that the municipality exhibited deliberate indifference to the possibility of such a constitutional violation. *Vann,* 72 F.3d at 1049.

    - "Lederman has presented sufficient evidence to demonstrate the existence of genuine issues of material fact as to whether the City had an informal policy to deny him and other artists their constitutional rights. The record contains evidence that policymakers, including the Mayor, the Police Commissioner, and the District Attorney, were pressured by the SoHo community and others to rid their streets of unlicensed vendors, including unlicensed artists and Lederman in particular, and that this pressure was relayed to the First Precinct. Further, plaintiff has presented evidence that certain police officers knew and disliked him because of his advocacy activities."

    - "A jury could conclude, on the basis of this evidence, that there existed a municipal policy to drive the artists out of the SoHo community."

2. The preceding information suggests that you flagrantly violated my First Amendment and Fourteenth Amendment rights by ignoring the information in the initial complaint that I filed in this consolidated that contained information about e-mails that were sent partly by Jessica Ramos about me and the illegal acts and omissions that were committed against me in relation to town hall and resource fair meetings that were antecedent events for my claims in this case as that illegal pattern, practice, and custom persisted as continuing and transactional violations that were all inextricably intertwined. That retaliation stemmed largely from entirely valid litigation that I commenced against HRA.

From,

Towaki Komatsu

s_/Towaki Komatsu

802 Fairmount Pl., Apt. 4B
Bronx, NY  10460
Tel: 347-316-6180
Towaki_Komatsu@yahoo.com

Page 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Towaki Komatsu**, 
                       Plaintiff,

-against-

The City of New York et al.,

                       Defendants.

Case No. 20-cv-7046 (ER)(GWG)

**Declaration of Towaki Komatsu**

I, Towaki Komatsu, declare under the penalty of perjury on 7/24/21 that the following is entirely true and accurate:

1. The purpose of my submission that appears on the preceding page and is otherwise referenced within it isn't frivolous or in bad faith, or for any improper purpose.

2. Both my submission that appears on the preceding page and is otherwise referenced within it complies with the FRCP, my constitutional rights, and this Court's local rules. They are also pursuant to controlling findings that exist in *Goldberg v. Kelly*, 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970) and *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006).

From,

Towaki Komatsu

s_/Towaki Komatsu

*Plaintiff, Pro Se*

802 Fairmount Pl., Apt. 4B
Bronx, NY 10460
Tel: 347-316-6180
E-mail: Towaki_Komatsu@yahoo.com