UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                Plaintiff,

– against –

THE CITY OF NEW YORK, *et al.,*

                Defendants.

**ORDER**

20 Civ. 7046 (ER)

Ramos, D.J.:

      This order is issued in response to Komatsu's letter, Doc. 285, seeking clarification about the Court's memo endorsement issued on December 27, 2021. On December 19, Komatsu requested a pre-motion conference seeking leave to move for sanctions under Federal Rule of Civil Procedure 11 (Doc. 276). In an endorsement to that letter issued on December 27, the Court scheduled the pre-motion conference but mistakenly directed "Plaintiff" to respond to his own letter. Doc. 281. On December 28, the Court issued an amended memo endorsement, clarifying that Defendant, not Plaintiff, is directed to submit a written response to Komatsu's letter. Doc. 283.

      Relatedly, Komatsu requests that the Court "immediately cause [him] to be provided a free Pacer account" and "to be appointed pro-bono legal counsel." Doc. 285. Plaintiff's request for a free Public Access to Court Electronic Records (PACER) account is DENIED.

      Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel. *Palacio v. City of New*

*York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).  The standards governing the appointment of counsel in *pro se* cases were set forth by the Second Circuit in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986).  Factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case and Plaintiff's ability to gather the facts and present the case if unassisted by counsel.  *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing factors set forth in *Hodge*, 802 F.2d at 60–62).  Of these, the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors, including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

    At this stage in the proceedings, the Court is unable to conclude that Komatsu's claims are likely to have merit, although that may change as the litigation progresses.  On August 9, 2021, the Court ordered that "Komatsu is instructed to show cause in writing, by August 23, 2021, as to why this case should not be dismissed pursuant to the Court's inherent power to sanction vexatious litigants and/or failure to comply with court orders."  Doc. 208 at 4.  That show cause order remains pending.  In the event Komatsu shows cause why this case should not be dismissed with prejudice, *see* Doc. 208, he may be permitted to apply for the appointment of *pro bono* counsel.  Accordingly, Plaintiff's application for the appointment of *pro bono* counsel is DENIED without prejudice to possible renewal at a later stage in the case.  Plaintiff may, however, seek advice from the New York Legal Assistance Group by calling 212-659-6190.

      The Clerk of Court is respectfully directed to mail a copy of this Order, Doc. 281, and Doc. 283 to Plaintiff.

      It is SO ORDERED.

Dated:    December 29, 2021  
            New York, New York

                                                              EDGARDO RAMOS, U.S.D.J.