UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                Plaintiff,

– against –

THE CITY OF NEW YORK, *et al.,*

                Defendants.

**ORDER**

20 Civ. 7046 (ER)

Ramos, D.J.:

    The Court is in receipt of Komatsu's request that the Court certify the matters enumerated below for immediate interlocutory review by the Second Circuit. Doc. 330. For the reasons set forth below, the request is DENIED.

    Komatsu has not shown that he can meet the criteria for an interlocutory appeal: "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

    *First*, during a pre-motion conference held before the Court on February 11, 2022, the Court denied Komatsu's request for leave to move for sanctions against Defendant Pinny Ringel and Joni Kletter for their conduct at a November 16, 2021 public meeting under Federal Rule of Civil Procedure 11 (Doc. 276). Komatsu argues that the Court's decision contravenes 18 U.S.C. §1513(e) and a number of cases, none of which are analogous to the circumstances presented here. Doc. 330. In fact, he does not set forth any basis for warranting sanctions against Ringel and Kletter.

    *Second*, Komatsu seeks clarification regarding the Court's refusal, during the February 11 conference, to grant him reconsideration of its January 26, 2021 order denying his motion for a

preliminary injunction (Doc. 89).  Doc. 330.  Komatsu has not set forth any "controlling decisions or data that the court overlooked" to merit reconsideration.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256–57 (2d Cir. 1995).  Nor has he set forth the proposed basis for an interlocutory appeal.  In any event, to the extent Komatsu's request relates to his ability to pursue his new action alleging constitutional violations arising from the manner in which the New York City Council conducts public hearings in which members of the public may testify, it is moot in light of the Court's February 15, 2022 order granting him leave to do so.  *See* Docs. 322, 326.

Relatedly, in another letter, Doc. 332, Komatsu requests that the Court immediately issue an order requiring the New York City Council to "enable those who wish to testify in public hearings that it conducts to present video in conjunction with their testimony that will be projected on an external monitor," specifically in connection with a public hearing to be conducted today.  Doc. 332.  In the absence of the filed action, that request is DENIED as premature.

*Third*, on February 8, 2022, the Court denied Komatsu's request that the Court issue an order stating that its December 15, 2020 order imposing filing restrictions (Doc. 45) does not restrict him from pursuing claims in new litigation about public meetings as long as they are not about his being prevented from attending public meetings that Bill de Blasio attended.  *See* Docs. 315, 318.  Specifically, Komatsu argued that the filing restrictions do not include (1) the restriction of his speech at public meetings and (2) the denial of his access to other locations in the same building in which meetings were held.  Doc. 315.

The Court's order imposing filing restrictions states, in relevant part:  "On November 17, 2020, the Court directed Plaintiff to show cause in writing why the Court should not enter an order requiring him to seek permission to file any new action in this Court against the City of

New York, city officials, and members of the NYPD regarding their alleged involvement in preventing him from attending public meetings with the Mayor." Doc. 45. As stated in the Court's July 16, 2021 order granting certain defendants' motions to dismiss, Komatsu's complaints in this consolidated action allege that his right to engage in whistleblowing activities at public events was violated, although the precise circumstances of each event somewhat varies. Doc. 183. For example, the alleged violations include being prohibited from entering the premises at which a given event was held, being made to sit in an overflow room, and having his testimony cut short. *See id.* at 3–4. Furthermore, as the Court has previously stated, "[t]he Court's filing restrictions do not prevent him from filing new actions that are not related to allegations that City officials have restricted his speech at public meetings." *See* Docs. 228, 284. Thus, Komatsu has not shown that he can meet the criteria for an interlocutory appeal.

Finally, some of these requests are in violation of the Court's July 16, 2021 order that Komatsu immediately cease "(2) filing successive requests for injunctive relief that have already been denied, or (3) seeking injunctive relief regarding issues that are not before the Court, or against individuals or entities that are not defendants." Doc. 183 at 37–38.

Komatsu is advised yet again that continued failure to obey court orders may result in dismissal pursuant to Fed. R. Civ. P. 41(b).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

It is SO ORDERED.

Dated:   February 17, 2022
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.