UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                        Plaintiff,

– against –

THE CITY OF NEW YORK, *et al.,*

                        Defendants.

**ORDER & OPINION**

20-cv-7046 (ER)
20-cv-7502 (ER)
20-cv-8004 (ER)
20-cv-8251 (ER)
20-cv-8540 (ER)
20-cv-8933 (ER)
20-cv-9151 (ER)
20-cv-9154 (ER)
20-cv-9354 (ER)

RAMOS, D.J.:

## I.    BACKGROUND

*Pro se* plaintiff Towaki Komatsu filed the first complaint in this consolidated action, Case No. 20-cv-7046, on August 29, 2020. Doc. 2. Between that date and November 11, 2020, he filed eight related cases against the City of New York, city officials, and members of the NYPD, all related to alleged restrictions on his ability to either attend or speak in various public meetings. On November 17, 2020, the Court consolidated the cases and ordered Komatsu to show cause why filing restrictions should not be imposed, given his frequent and voluminous filings concerning issues collateral or irrelevant to the instant consolidated case. Doc. 29. Following a hearing on December 15, 2020, the Court required Komatsu to comply with certain restrictions regarding any subsequent letters or motions filed with the Court.[1] Doc. 45.

On February 8, 2021, the City of New York and Cyrus Vance, then the Manhattan District Attorney, moved to dismiss all claims in the consolidated action. Doc. 104. On July 16, 2021 the Court granted the motion to dismiss, and granted Komatsu leave to re-plead certain claims. Doc. 183. The July 16 Opinion also addressed repeated instances of Komatsu's

---

[1] The restrictions include seeking permission to file a new action in this Court; permission to submit a letter or motion in this consolidated action; and a 25-page limit on any new complaint in a new action or any amended pleading in the consolidated action. Doc. 45 at 3.

vexatious conduct in this consolidated case, including (1) his pattern of asserting baseless accusations of misconduct against other judges, counsel, and parties; (2) using profane and harassing language in these submissions; and (3) repeated requests for injunctive relief which was already either denied by the Court or was tangential to his claims in this case. *Id.* at 34–37. The Court warned Komatsu that continuing this behavior may result in sanctions, including dismissal of this case with prejudice pursuant to the Court's inherent authority to sanction vexatious litigants. *Id.* at 34.  Lastly, the Court advised Komatsu that any consolidated amended complaint must not exceed 50 pages and provided the scope of what claims were to be re-plead. *Id.* at 33.

Following the Court's warning, Komatsu immediately filed several letters, which included requests that violated the Court's July 16, 2021 Order. *See* Doc. 187 at 1–2 (noting that Komatsu had requested in these three letters "an order to compel discovery of a document subject to a protective order in another case; a change of venue; an order requiring the New York City Human Resources Administration and Department of Social Services to fund his litigation; and another . . . request for discovery, including a proposed order requiring the City to 'engage in a publicity campaign' that will 'match what has been done to combat Covid19' to assist him in identifying similarly situated individuals." *Id.* (citing Docs. 184–86).  The Court advised Komatsu "yet again that continued failure to obey court orders may result in dismissal pursuant to Fed. R. Civ. P. 41(b)." *Id.*

On August 9, 2021 the Court issued an Order to Show Cause as to why this case should not be dismissed pursuant to the Court's inherent power to sanction vexatious litigants and/or failure to comply with court orders.  Doc. 208.  That Order detailed Korematsu's non-compliant conduct since the July 16, 2021 Order. *Id.* at 1–3.  Komatsu was directed to show cause in

writing by August 23, 2021.  *Id.* at 4.  The Order also allowed Defendants to file a response by September 7, 2021, and stayed Komatsu's deadline to file a consolidated second amended complaint.  *Id.*  After multiple extensions, Komatsu submitted his response on November 19, 2021.  Doc. 260.  Defendants responded on March 4, 2022.  Doc. 345.

## II.     LEGAL STANDARD

It is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities."  *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993).  A court's power to restrict the litigation of abusive and vexatious litigants is an "ancient one" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act.  *Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (per curiam)).

A "district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation."  *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985).  A court has the inherent power to supervise and control its own proceedings and to fashion an appropriate sanction—including outright dismissal of a lawsuit—for bad-faith conduct.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991).  A sanction is appropriate where the challenged conduct is "entirely without color" and motivated by "improper purposes" such as harassment or delay.  *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 38 (2d Cir.1995).

## III.    DISCUSSION

In his response to the Order to Show Cause, Komatsu fails to make a legal argument for why the Court lacks a valid basis to dismiss this action, and tellingly, as described below, largely repeats the same abusive conduct he has been warned against.  He demonstrates that he does not intend to comply with the Court's orders and continues to assert baseless accusations of misconduct while using profane and harassing language.

Komatsu repeatedly asserts that he does not need to comply with this Court's orders or that he is otherwise justified in his inappropriate filings.  For instance, he asserts that he "can't possibly be held to the same standards as others."  Doc. 260 at 1; *see also id.* at 8 ("such behavior by [the undersigned] … entitle me to not comply with orders and memo endorsements that [the undersigned] thereafter issued") and *id.* at 9 ("Such… behavior by you repeatedly … provoked entirely justifiable outrage by me that I expressed at times in legal filings that I submitted in this case and others.").  However, "all litigants, including *pro ses*, have an obligation to comply with court orders.  When they flout that obligation they, like all litigants, must suffer the consequences of their actions."  *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988).

He also defies the Court's explicit orders regarding filings, asserting that he has a constitutional right to file multiple, separate complaints, and that each individual complaint may exceed 300 pages, Doc. 260 at 16, despite the Court's requirement that he must limit any consolidated second amended complaint in this action to 50 pages.  *See* July 16 Order, Doc. 183 at 33 (advising Komatsu that any consolidated amended complaint must not exceed 50 pages).

Further, Komatsu continues to make baseless accusations of misconduct against this Court and other judges, while using harassing language in the process.  *See* Doc. 260 at 10 (referring to the undersigned as "a con artist" and "incompetent"), at 11 and 17 (accusing the undersigned of "impermissibly shirk[ing] [his] legal duty" and violating the Code of Conduct for United States Judges), at 18 (asserting that his treatment by courthouse security has occurred with the undersigned's "blessing and that of other vile judges as all of you have been their gatekeepers and criminal accomplices"), at 22 (referring to "[Judge] Gorenstein and other trashy federal judges who are criminal accomplices of the USMS").

4

It is abundantly clear that Komatsu is likely to continue to abuse the judicial process, as he has continued to defy this Court's directives in his subsequent filings.  Since the filing of his response to the Order to Show Cause, Komatsu has continued to use inappropriate and profane language in his filings.  *See* Doc. 254 (telling the undersigned to "F$$$ yourself"); Doc. 273 (asserting that United States Magistrate Judge Robert W. Lehrburger "is just as much of a whore to the USMS and CSOs as [United States Magistrate Judge Gabriel W.] Gorenstein has been," and that Magistrate Judge Lehrburger and United States District Judge Valerie E. Caproni wear judges' robes "mainly to hide how trashy they are"); Doc. 285 (referring to Court Security Officers, the undersigned, and other judges as "trash" and/or "garbage," asserting that the undersigned "and other garbage still condone that horseshit," and referring to United States Magistrate Judge Gabriel W. Gorenstein as "raw sewage.").

The Court's inherent power to impose sanctions "derives from the sage acknowledgment that courts are 'vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'"  *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  The Second Circuit has repeatedly upheld sanctions against parties who use disrespectful and inappropriate language.  *See Koehl v. Bernstein*, 740 F.3d 860, 863 (2d Cir. 2014) (recognizing the court's inherent power to impose sanctions to address plaintiff's use of "offensive, abusive, and insulting language"); *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) (noting that parties, including pro se parties, have an "obligation to respect the dignity of the proceeding and to comply with the orders of the district court" and that "[c]ourts can adjudicate disputes only when the parties present reasoned arguments rather than invective-laden diatribes.").

Substantively, Komatsu's legal arguments are without merit. He makes a reference to "the vagueness doctrine," likely referring to the term "void-for-vagueness." Under the void for vagueness doctrine, a criminal statute violates the Due Process Clause if it "fails to give persons of ordinary intelligence fair notice that their contemplated conduct is proscribed." *Marty's Adult World v. Town of Enfield*, 20 F.3d 512, 516 (2d Cir. 1994). In addition to being inapplicable to the instant civil case and Order to Show Cause, the Court has been exceedingly clear in its directives to the Plaintiff and in the conduct that could lead to dismissal of this case. Komatsu has exhibited such conduct time and time again despite several warnings. *See* Docs. 116, 140, 183, 187, 190, 307, 333.

## IV. CONCLUSION

This Court afforded Komatsu an opportunity to show cause why the cases should not be dismissed in light of his vexatious and harassing litigation history. In response, he substantiated the Court's findings and continued with his problematic behavior. Having provided due notice and an opportunity to be heard, the consolidated cases are dismissed with prejudice. The Clerk of Court is respectfully directed to close the cases.

It is SO ORDERED.

Dated:   June 6, 2023
         New York, New York

                                                            _____
                                                            EDGARDO RAMOS, U.S.D.J.