To:    U.S. District Judge Edgardo Ramos
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Cc:    U.S. Chief District Judge Laura Taylor Swain

Re:    *Komatsu v. City of New York*, No. 22-cv-7046 (ER)(GWG) (S.D.N.Y. Jun. 6, 2023)

June 15, 2023

Judge Ramos,

    I'm filing this letter pursuant to FRCP Rule 59 in response to your predictably baseless, pretextual, fraudulent, and biased 6/6/23 order that dismissed this consolidated case as a naked act of First Amendment retaliation. I'm directing you to comply with your legal duties in regards to my status as a pro se plaintiff by immediately following the precedents in both **a)** *Komatsu v. City of New York*, No. 18-cv-3698 (LGS)(GWG)(S.D.N.Y. Sep. 27, 2021) and **b)** *Komatsu v. City of New York*, No. 20-cv-10942 (VEC)(RWL) (S.D.N.Y. Jun. 17, 2022) by causing me to be provided a free copy of written transcripts for the conferences that I had with you in this case on 12/15/20 and 2/11/22 before I will have to contend with a deadline to submit a motion for reconsideration and/or modification of your 6/6/23 dismissal order. One of the things that this means is that I'm requesting an extension of time to request reconsideration and reversal of your 6/6/23 dismissal order in order to be able to factor what is shown in the transcripts for the 12/15/20 and 2/11/22 conferences in my application for reconsideration. In contrast to this case, I was provided free written transcripts of the conferences that I had with Judge Gorenstein and Judge Lehrburger in those 2 other cases. That fact means that I have an equal right to receive free written transcripts for the conferences that I had with you in this case.

Prior to submitting this letter, I urged you to provide me the transcripts for this case that I mentioned above on **a)** 10/24/21 (Dkt. 253) for the 12/15/20 transcript and **b)** 2/15/22 (Dkt. 329) for the 2/11/22 transcript. You illegally ignored both of those requests in flagrant violation of my First and Fourteenth Amendment rights and the Code of Conduct for United States Judges.

Pursuant to FRCP Rule I demand to receive a detailed and objectively credible explanation from you about the following matters:

    a.    Why you didn't disclose the fact during the 12/15/20 conference that your 11/18/20 decision in <u>Ramirez v. Temin & Company, Inc.</u>, No. 20-cv-6258 (ER) (S.D.N.Y. Nov. 18, 2020) confirms that you accepted the plaintiff's 77-page complaint before you made remarks to me during the 12/15/20 conference in which you claimed that you require all plaintiffs in cases that are assigned to you to limit their complaints to 50 pages or less.

    b.    Why you have accepted the complaint that was filed on 2/27/23 in <u>Palmore v. Napoli Shkolnik PLLC</u>, No. 23-cv-1616 (ER)(S.D.N.Y.) in spite of the fact that it's 59 pages in length.

    c.    Why you illegally changed the filing restriction that you imposed on me on 12/15/20 from being about public meetings that Bill de Blasio would attend to public meetings that other City of New York personnel would attend while Mr. de Blasio may not have attended them as you never notified me beforehand in flagrant violation of my First Amendment and due process rights about a possible sanction that would apply to the latter pre-filing restriction.

    d.    Why you illegally never intervened on my behalf in violation of <u>Sheppard v. Maxwell</u>, 384 U.S. 333, 86 S. Ct. 1507, 16 L. Ed. 2d 600 (1966) and the Code of Conduct for United States Judges to issue an order to end illegal and otherwise abusive acts and omissions against me by federal court security officers ("CSOs") and personnel of the U.S. Marshals

Service ("USMS") inside of federal courthouses in New York City. I previously apprised you about that partly a) in my 11/14/20 filing in this case about the fact that I was experiencing such abuse.

  e. Why you refused to let me submit a reply with extra pages in this case. I'm referring to the following remark that you made in the footnote section on page 1 of your 1/26/21 order in this case:

> "² In addition to Plaintiff's reply itself, he has filed requests for additional pages for the reply and requested leave to move for an additional injunction against the City. See, e.g., Docs. 66, 68. In light of this order, these requests are denied."

  f. Why are you penalizing me by dismissing this case due to offensive remarks strictly in legal filings given that the following is entirely true and accurate:

    i. U.S. District Judge Valerie Caproni stated the following in her 8/30/21 order (Dkt. 115) in *Komatsu v. City of New York*, No. 20-cv-10942 (VEC)(RWL)(S.D.N.Y. Jun. 17, 2022) about the fact that she wouldn't penalize me in that case due to offensive remarks by me that I made in legal filings in that case:

> "Had the inappropriate language been the only problem with Mr. Komatsu's filings, the Court would not have imposed the filing restrictions."

    ii. Judge Caproni also didn't dismiss that case due to offensive remarks by me that I made in legal filings in that case.

    iii. *Grayned v. City of Rockford*, 408 U.S. 104, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972) is controlling law and addresses illegal selective-enforcement and discrimination by pointing out that a "vague law impermissibly delegates basic policy matters to" law-enforcement personnel that include judges, CSOs, and USMS personnel "for resolution

on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application."

   g. Why you didn't wait to receive and consider feedback from me when you granted Evan Gottstein a deadline extension in this case on 1/29/21 in defiance of my First Amendment and due process right to object to that beforehand and have those objections fully considered by you prior to granting that extension.

   h. Why you didn't consider mitigating factors about the degree to which I was being provoked and how often that occurred by CSOs, USMS personnel, City of New York personnel before you decided to dismiss this case.

   i. Why you didn't consider attempts by me to conform my conduct to comply with your requirements partly by trying to obtain injunctive relief against CSOs, USMS personnel, and City of New York personnel that were provoking me before you decided to dismiss this case.

| | |
|---|---|
| From, | 781 East 135th St. |
| | Bronx, NY 10454 |
| Towaki Komatsu | 305-784-7450 |
| | Towaki_Komatsu@yahoo.com |

s_/Towaki Komatsu
*Plaintiff, Pro Se*